86 So.2d 578 (1956)
Roy E. GREEN
v.
Mrs. Mary Messina BILLA, widow of Antonio Billa et al.
No. 20591.
Court of Appeal of Louisiana, Orleans.
April 2, 1956.
Rehearing Denied April 23, 1956.
Nestor L. Currault, Jr., and Nathan Greenberg, Gretna, for plaintiff-appellant.
Louis H. Marrero, III, Marrero, for defendants-appellees.
JANVIER, Judge.
Plaintiff, Roy Green, a mail carrier working out of the postoffice in Gretna, Louisiana, claims that he sustained physical injuries on April 14, 1947, as a result of a fall to the ground when, after delivering mail on the front porch of a residence in Gretna, the front steps leading to the ground gave way as he placed one of his feet on the top tread. He makes the owners of the property defendants and he prays for solidary judgment against all of them in the sum of $2,931.21.
Although the defendants in effect deny all of the essential allegations of the petitions, they concede that the steps did move slightly as plaintiff placed his foot on the upper tread, but aver that they did not entirely leave their position against the edge of the porch, and they maintain that plaintiff *579 did not fall but merely took an "exaggerated" step or jump from the upper tread to the ground which was about three or four feet below the porch. They contend that he sustained no injuries which were caused by the defective condition of the steps.
The plaintiff was hospitalized shortly after the occurrence and the Administrator of Veterans Affairs, an independent agency of the United States Government having jurisdiction of Veterans Administration Hospitals, intervened and claimed of defendants $225 as the cost of services rendered to the plaintiff as a result of his injuries.
In the Twenty-fourth Judicial District Court for the Parish of Jefferson, there was judgment against plaintiff dismissing his suit, and the matter is now before us on his devolutive appeal.
In their brief in this Court, defendants assert that the appeal should be dismissed "because of the fact that the plaintiff has never perfected his appeal by the filing of the appeal bond * * *."
Counsel for appellant meet this contention, that the appeal should be dismissed, by presenting a certificate of the Clerk of Court showing that there was filed in the Clerk's office a cash deposit of $50 in lieu of an appeal bond.
An appellant of whom an appeal bond is required may deposit with the Clerk of Court the amount of the bond as fixed by the Court. See Dart's New La.Dig., Vol. 2, p. 284.
There is no doubt that plaintiff, having deposited in the mailbox on the porch of the residence in question certain mail, attempted to descend from the porch to the ground and that, as he stepped upon the upper tread of the steps, the steps themselves moved from their fixed position against the edge of the porch. Whether they fell to the ground or merely moved slightly from their position we find it unnecessary to determine, because even if they moved only slightly and, as a result, plaintiff had reason to fear that a fall was imminent and, in order to avoid such fall, jumped to the ground and sustained injury, there would be liability for such injury even if the steps did not fall completely to the ground.
In Klein v. Young, 163 La. 59, 111 So. 495, 497, our Supreme Court disspelled the doubt which, up to that time, seemed to have existed and established the principle that a house-owner is liable for damages caused by its defective condition and that this liability exists in favor of any one who is legally on the premises. The Court said:
"There are several articles in the Civil Code on this subject. Article 670 makes every owner of a building liable in damages to any neighbor or passerby who is injured by the fall of any part of the building, through negligence on the part of the owner to keep his building in repair. Article 2322 makes every owner of a building answerable in damages to any person who is injured either while rightfully inside or while outside of the buildingby an accident resulting either from the owner's neglect to repair the building or from a vice or defect in its original construction. * * *"
In Staes v. Terranova, La.App., 4 So.2d 453, 455, we said:
"* * * On several occasions, in other cases, it has been contended that the owner of a building is not liable to third persons rightfully on the premises unless the injury had resulted from fault on the part of the owner. But from all of those cases there has resulted a settled rule that because of the effect of Articles 670 and 2322 of our Civil Code, an owner is liable to a third person for the results of accidents caused by defects in the owner's building, whether those defects were latent or not. In Heath v. Suburban Building & Loan Association [La.App.], 163 So. 546, 551, we quoted from Hanover v. Brady, La.App., 148 So. 267, as follows: "`Although the liability of the house owner to a licensee or passerby is made to depend upon negligence, the mere fact that the building is defective is in itself proof of that negligence, *580 and this, whether the defect is apparent and easily discoverable, or is such as would not be noticed except upon careful inspection."'"
Since the building in question was occupied by tenants, it is important to note that in Tesoro v. Abate, La.App., 173 So. 196, 202, we held that in such case even if the owner has no knowledge of the defect, nevertheless there is liability for resulting damage. We said:
"It is true that the jurisprudence of this state has broadened the language of articles 670 and 2322 of the Code to such an extent that the owner of a building practically insures any third person, rightfully on the premises, against injury caused by the vices or defects of the building due either to construction or failure to make repairs. And this is so even though the property is in possession of a tenant and the owner is not acquainted with the fact that some of the appurtenances of the building are in need of repair. * * *"
There have since been numerous decisions on the subject and in Hughes v. Abate, La.App., 2 So.2d 68, 70, we said:
"* * * To state the matter very simply, an owner is liable to any person rightfully on or near the premises if, because of a defect, that person, being himself without fault, is injured. Klein v. Young, 163 La. 59, 111 So. 495; Heath v. Suburban Building & Loan Association, La.App., 163 So. 546; Tesoro v. Abate, La.App., 173 So. 196; Morris v. Hava, La.App., 180 So. 216."
But the matter does not end with our conclusion that, as a matter of fact, the defective condition of the steps did cause plaintiff to either fall or jump, nor with our conclusion that, as a matter of law, an owner is liable for such damage as may be caused by such defective condition.
It is apparent that the principle defense relied upon is the contention that plaintiff did not sustain any injury as a result of the defective condition of the steps.
It seems certain that the dismissal of the suit by the District Judge resulted from his conclusion that the plaintiff did not sustain any injury. Just what was the real cause of plaintiff's stay in the hospital we are unable to determine. As we read the report of the hospital, though in answer to a question as to "objective findings", the surgeon in charge wrote "tenderness of left leg," it seems evident that, since there was no apparent bruise or anything of that kind, that finding must have been based on the statement of plaintiff that there was tenderness and not on any objective finding.
Plaintiff, soon after the accident, told several different persons that he had not been hurt and remarked that he couldn't do the same thing again without injury even if he tried.
The accident occurred on April 14, 1947, and if, on that day, he sustained injury sufficiently serious to require that he be hospitalized for several days, it is quite remarkable that on April 16 he personally made application to the building inspector of the City of Gretna for permission to erect a six-room addition to his residence and stated in the application that he was going to do the work himself.
There is other evidence which tends to throw doubt upon the claim of plaintiff as to his injuries. Among other things, we find that though the accident occurred on April 14, 1947, and though plaintiff was discharged by the hospital on May 20, 1947, as being "physically fit for duty," more than five years later he returned to the hospital and attempted to use his earlier fall as the reason for this second visit to the hospital five years after the first occurrence.
Were it not for the finding of the District Judge, it might be that the evidence could be construed as showing that plaintiff sustained some slight injury, but since there is evidence which throws doubt on this question and since the District Judge found in favor of the defendants, we are unable to say that that finding was manifestly erroneous.
Consequently, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.