LOTTINGER Judge.
This matter is before this Court on motion by the defendant why the appeal should not be dismissed. The facts disclose that petitioner filed suit in damages against the Terrebonne Parish Police Jury for alleged injuries to certain oyster bedding grounds leased by petitioner. The Terrebonne Parish Police Jury filed exceptions which were argued and maintained by the Lower Court, and the suit of petitioners was dsimissed. On May 31, 1963 petitioner secured an order for a suspensive appeal, “ * * * upon their furnishing bond with good and solvent surety, conditioned as the law directs in the amount of One Hundred ($100.00) Dollars.” Notice of this appeal was duly received by the defendants’ counsel, and the transcript of appeal was filed with this Court.
The defendant timely filed a motion to dismiss the appeal on the grounds that the petitioners had failed to furnish, execute *920 and file an appeal bond in this matter, as is required by law. An answer to this motion was filed by the petitioner in which it alleged that the petitioner “ * * * did comply with the law requiring the posting of bond of good and solvent surety in the amount of $100.00 cash as evidenced by cancelled check dated May 31, 1963, made payable to the Hon. R. A. Bazet, Clerk of Court, 17th Judicial District, Parish of Ter-rebonne, State of Louisiana.” Attached to the petitioners answer is a photostatic copy of the check which defendant claims served as a cash appeal bond.
The defendant takes the position that the check which was filed into evidence by petitioner does not serve as a cash appeal bond. In support of its contention, defendant cites Articles 2121, 2124, and 5121 of the Louisiana Code of Civil Procedure, LSA.
Article 2124 of the Code of Civil Procedure, LSA, provides in part as follows :
“A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.
“Both devolutive and suspensive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal.”
The pertinent provisions of Article 2124 of the Louisiana Code of Civil Procedure, LSA, contains in essence the same provisions as Article 579 of the old Code of Practice. Under the said article of the old Code of Practice the Court, in Green v. Billa, La.App., 86 So.2d 578, held that “An appellant of whom an appeal bond is required may deposit with the Clerk of Court the amount of the bond as fixed by the Court”. In Antoine v. Hamilton, La.App., 144 So. 614 the Court held that the deposit of a cashier’s check in lieu of devolutive appeal bond was sufficient.
Article 3065 of the Louisiana Civil Code,, LSA, provides as follows:
“The person who can not give a surety is admitted to give a pledge or other satisfaction sufficient to secure the debt, provided that the thing given in pledge may be kept without difficulty or risk.
“He may also deposit in the hands of the public officer, whose duty it is to receive the surety, the sum for which he is required to furnish a surety.”
Furthermore, Article 5125 of the Louisiana Code of Civil Procedure, LSA, provides as follows:
“No appeal, order, judgment, writ, mandate or process conditioned on the furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126.
“No suspensive appeal is allowed from an order or ruling of a trial court requiring or permitting a new or supplemental bond to be furnished as provided in Articles 5124 and 5126.”
As stated above, there is filed in the record a photostatic copy of a cancelled check payable to R. A. Bazet, Clerk of Court in the sum of $100.00. This check was signed by the attorney for petitioner and bears the notation “for appeal No. 20,756.” This was the docket number assigned this suit in the Lower Court. There has also been filed in the record of this proceeding a certificate by the Clerk of the Lower Court to the effect that a check in the sum of $100.00 was filed by petitioner in lieu of an appeal bond.
*921 In view of the above, we feel that the deposit by petitioner of the sum of $100.00 was in lieu of the suspensive appeal bond, and that same was sufficient for perfecting this appeal. The motion to dismiss filed by defendant will be denied, all costs incurred thereon will be paid by defendant.
Motion to dismiss denied.