ELLIS, Judge.
This matter comes before us on a motion to dismiss the appeal, based on the ground that the appellant- did not furnish security in accordance with law, and within the delays provided by law, and that this Court is accordingly without jurisdiction.
The record before us reveals that the judgment appealed from was rendered and signed on September 7, 1966, by Judge E. L. Guidry.
On November 2, 1966, a motion for a de-volutive appeal was signed by Judge Rene H. Himel, fixing the amount of security at $250.00. No bond appears in the record. However, the following explanatory certificate by the Clerk of Court does appear:
“I hereby certify that with reference to the above numbered and entitled suit that the Appeal Bond was set at $250.00 by the Honorable Rene H. Himel, Judge, on the same day Appeal Bond was set by Honorable E. L. Guidry, Judge in the amount of $50.00. On a verbal order of Judge Himel I was advised to remove his order setting the bond at $250.00 and to allow the $50.00 Appeal Bond as set by Judge Guidry to be the official bond in this case. Through negligence on my part the $50.00 Bond was removed instead.
“I further certify that a Cashier’s Check in the amount of $50.00 payable to my order of date November 15, 1966 as a Cash Bond was received and filed by this office on November 15, 1966 and is now in my safekeeping.”
The attack on the validity of the appeal is twofold: first, that the record does not contain any showing that the bond was timely filed, and second, that in any event, a cash bond does not meet the requirements of the law for an appeal bond.
As indicated by the above certificate, if the record is indeed deficient in showing the timely filing of the bond, this certainly can not be held to be the fault of the appellant. If the deposit of cash in lieu of a surety bond as security for an appeal is valid under our law, there can be no doubt that the appellant has done everything required of him.
It is admitted by the mover that his position in this matter is contrary to the decision of this Court in Marie v. Police Jury of Parish of Terrebonne, 157 So.2d 919 (La.App. 1 Cir. 1963). However, he argues that the decision is contrary to the requirements of the Code of Civil Pro cedure.
We have reviewed that decision and the authority on which it is based, and can find no error therein. The arguments advanced by mover herein are the same as *363 those which were considered in that case. It would serve little purpose to rehash contentions which have already been thoroughly considered by this Court.
We are of the opinion that the motion is without merit, and it will be denied with all costs incurred in connection therewith to be paid by mover herein.
Motion to dismiss denied.