CULPEPPER, Judge.
Plaintiff filed this suit to expropriate a servitude for an electric transmission line across defendant’s land. After a trial on the merits, the district judge granted the servitude and awarded the defendant landowner $1198.75 as compensation and damages. The defendant appealed devolutively.
In this court, the plaintiff has filed a motion to dismiss the appeal which has merit. The basis for the motion is that the defendant appellant did not perfect the appeal by filing the required $300 devolutive appeal bond within 90 days as required by LSA-C.C.P. Article 2087.
The defendant appellant concedes that no appeal bond was furnished within the 90 days. However, he contends he was not required to furnish a bond because, a few days after the judgment was signed, the plaintiff deposited in the registry of the court for the account of the defendant the sum of $1198.75 in payment of the amount of the judgment. (Under LSA-R.S. 19:13 which allows payment to the landowner, or deposit in the court pending devolutive appeal in expropriation cases, entitling plaintiff to take the property.) Since defendant was free to withdraw the full amount of these funds deposited but did not chose to do so, he contends they constitute ample *688 security for the appeal and should be considered as such in lieu of a bond.[1]
There is no express provision in our codes or statutes that funds deposited in the registry of the court to the account of the appellant may be considered in lieu of security required for an appeal. However, defendant appellant contends that under the facts of the present case they should be so considered. The argument proceeds as follows : The plaintiff appellee has already paid all costs incurred in the lower court up to the filing of the appeal and the sole costs remaining are for the preparation of the transcript and the $25 appeal fee in the court of appeal; these costs are “law charges” within the meaning of LSA-C.C. Article 3195, as to which the law gives a privilege; LSA-C.C. Article 2956 allows the clerk, as a depositary, to' retain the funds on deposit “until his advances are repaid, as well as any other claims which he may have arising from the deposit.”
We cannot follow this argument. As to LSA-C.C. Article 3195, it gives a privilege for “law charges” to the party who wins the case. The article does not give a privilege to the clerk of court. Privileges, giving preference to certain types of debts, where the assets of the debtor are not sufficient to pay all of his obligations, apply only as expressly provided by the code or by statute.[2] Counsel has not called our attention to any code article or statute which grants a privilege to the clerk of court in this situation.
Also, LSA-C.C. Article 2956 clearly has no application here. The cost of preparing the transcript and paying the filing fee of $25 in the court of appeal are not claims “arising from the deposit.” These are costs arising from the appeal.
In support of his position defendant also cites Marie v. Police Jury of the Parish of Terrebonne et al., 157 So.2d 919 (1st Cir. 1963) and Green v. Billa, 86 So.2d 578 (Orl.App.1956) in which cases the appellant deposited cash, or a check, with the clerk of court in lieu of the amount of the appeal bond. These cases, and others cited therein, held such security was proper. The Marie case cites LSA-C.C. Article 3065 which expressly provides that one who cannot provide a surety for a judicial bond may pledge valuables or deposit cash instead.
These cited cases are readily distinguishable from the present matter. There, the cash or check was deposited in lieu of the bond, under an express code article so providing and could be used by the clerk of court to pay the obligations for which the security was required. Here, the money was deposited in the registry of the court to the account of the defendant landowner under LSA-R.S. 19:13, 19:14, which applies only to expropriation proceedings. The money could be withdrawn only by the defendant. The statute does not allow the clerk to use these funds to pay the cost of preparing the transcript or the $25 filing fee in the court of appeal, or any other “law charges”.
It is our conclusion that the funds deposited in the registry of the court cannot be considered in lieu of the appeal bond required. Hence, no security was furnished and the appeal was not timely perfected.
Lastly, defendant contends that under LSA-C.C.P. Article 5125 “No appeal *689 * * * may be * * * set aside * * * on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is affórded an opportunity to furnish a new or supplemental bond * * This article has no application here. There is no question of an insufficient or invalid bond. This is a case where no bond whatever was furnished.
For the reasons assigned, this appeal is dismissed at the cost of the appellant.
Appeal dismissed.

. With reference to bonds in judicial proceedings LSA-C.C.P. Article 5121 provides :
“When a party to a judicial proceeding is required by law or order of court to furnish security, any bond so furnished shall be made payable to the clerk of the trial court in which the proceeding was brought.
“Any person in interest may sue thereon. No error, inaccuracy, or omission in naming the obligee on the bond is a defense to an action thereon.”

. LSA-C.C. Articles 3185, 3191 et seq.