AYRES, Judge.
Plaintiff asserts in this action, instituted August 31, 1966, title to an undivided one-half interest in a described 140-acre tract of land in Red River Parish, Louisiana. Martin Timber Company, Inc., intervened, claiming title to the identical interest in the property by purchase from the defendants under a deed of December 31, 1965, and filed for record December 21, 1966. Thereafter, intervenor filed a motion to require plaintiff to furnish a bond as security for cost. On trial of the motion March 20, 1967, plaintiff was ordered to file such a bond within 20 days thereafter in the sum of $550.
In an ex parte proceeding of April 17, 1967, it was suggested to the court that plaintiff had failed to furnish bond for cost as directed, whereupon an order was signed dismissing plaintiff’s action as of nonsuit. From this order, plaintiff de-volutively appealed and deposited with the clerk of court, in lieu of a formal appeal bond, a bank money order in the sum of $50.
Intervenor has moved in this court for a dismissal of plaintiff’s appeal because, first, the bank money order was not accompanied by a bond or other instrument in writing *841 which would identify the deposit with an appeal bond or which would pledge it as security in connection therewith; and, second, the record contains neither a transcript of evidence, taken on trial of the rule to require plaintiff to furnish a cost bond, nor a narrative of facts prepared in accordance with LSA-C.C.P. Art. 2131. Neither of the contentions possesses merit.
With respect to legal and judicial securities, LSA-C.C. Art. 3065 provides that:
“The person who can not give a surety is admitted to give a pledge or other satisfaction sufficient to secure the debt, provided that the thing given in pledge may be kept without difficulty or risk.
“He may also deposit in the hands of the public officer, whose duty it is to receive the surety, the sum for which he is required to furnish a surety.”
A cashier’s check in lieu of a devolutive appeal bond has been held sufficient to support an appeal. Antoine v. Hamilton, 144 So. 614 (La.App., 1st Cir. 1932). A check payable to a clerk of court which was cashed and the proceeds held by him was considered sufficient security to support a sus-pensive appeal. Marie v. Police Jury of Parish of Terrebonne, 157 So.2d 919 (La. App., 1st Cir. 1963).
In the instant case, plaintiff procured from the American Bank & Trust Co., Coushatta, Louisiana, a bank money order in the sum of $50 payable to Emmett V. Womack, clerk of court, and this money order she caused to be deposited with the clerk of court. The deposit was confirmed by a letter from plaintiff’s counsel to the clerk of court, to which the check was attached. This letter recites:
“In accord with my verbal instructions given you previously upon delivery of bank money order, drawn on American Bank and Trust Company, Coushatta, Louisiana, for the sum of $50.00, this is to confirm and acknowledge that said money order represents the devolutive appeal bond set in that matter, and is to be used accordingly.”
With respect to the second of the intervenor’s contentions, it may be pointed out there is no showing of the necessity for reviewing whatever evidence was adduced upon the trial of the rule for security for cost inasmuch as the determination of the amount of such security is not an issue presently before the court.
The issue presented on the appeal concerns the right vel non of an intervenor to exact security of a plaintiff for cost. The provisions of law applicable to situations of this nature are contained in LSA-R.S. 13 :- 4522 wherein it is provided, so far as pertinent :
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice.”
From the language of this article of the Louisiana Revised Statutes, it is seen that intervenors are not named as parties-litigant who may require plaintiffs to furnish security for cost.
Intervenor in this case, however, relies upon the language of LSA-C.C.P. Art. 1040, which states:
“Unless the context clearly indicates otherwise, wherever the words ‘plaintiff’ and ‘defendant’ are used in this Code, they respectively include a plaintiff and a defendant in an incidental demand.” (Emphasis supplied.)
Such characterization may only be made, as this article states, in the Code of Civil Procedure. This provision, by its very terms, does not refer to the provisions of the section of the revised statutes which are quoted and referred to above; nor could the recitals of the article in the Code of Civ *842 il Procedure serve to amend, alter, or modify the provisions of the Louisiana Revised Statutes so as to confer rights upon parties not mentioned therein. Thus, the statute (LSA-R.S. 13:4522) does not confer upon an intervenor the right to exact of a plaintiff security for cost.
Accordingly, for the reasons assigned, the motion to dismiss the appeal is denied; and
It is decreed that the order directing the dismissal of plaintiff’s action for failure to furnish security for cost be, and the same is hereby, annulled, avoided, reversed, and set aside; and
It is further ordered that this cause be remanded to the Honorable Tenth Judicial District Court in and for Red River Parish, Louisiana, for further proceedings consistent herewith and in accordance with law.
Intervenor is assessed with the costs of this appeal.
Reversed and remanded.