AYRES, Judge.
This is an action in tort wherein plaintiffs, sisters and brother of Thomas Wilson, seek to recover of the defendants, Jarnevic and his insurer, damages for Wilson’s wrongful death. Defendant Jarnevic is charged with negligence in the operation of his automobile, in leaving the main-traveled portion of a highway and striking Wilson while he stood on the shoulder of the highway, inflicting injuries upon him from which he died.
From an adverse judgment, plaintiffs were granted orders of devolutive appeal conditioned on their furnishing bond in the sum of $250. In accordance with these orders, the record was lodged in this court.
Defendants have moved in this court for a dismissal of the appeal on jurisdictional grounds inasmuch as the bond was not filed within the delay prescribed in LSA-C.C.P. Art. 2087.
The record reflects that .the judgment was signed October 26, 1967, the orders of appeal granted January 22, 1968, and an appeal bond filed January 31, 1968. Plaintiffs concede that if these facts be alone considered, the bond so furnished was untimely filed. They contend, however, in a motion to remand, that on January 22, 1968, their counsel offered and tendered to the clerk of court the sum of $250 in cash and *718 a cashier’s check in that sum in lieu of a formal bond, and that such offer and tender were refused by the clerk. They consequently contend this offer and tender satisfied the requirements of law and that the appeal was therefore timely perfected. A remand is sought to afford plaintiffs an opportunity to establish these facts so that the appeal may be maintained.
One required to furnish security must primarily offer either a security company authorized to do business in this State or a person able to contract, who- has property subject to seizure in the State of a value of the amount of the obligation, and who is domiciled in the parish where the security is to be given (LSA-C.C. Art. 3042). But, where he cannot give a security, he is permitted to give a pledge or other satisfaction sufficient Jo secure the obligation, or to deposit the sum for which he is required to furnish surety (LSA-C.C. Art. 3065). See, also: Green v. Billa, 86 So.2d 578 (La.App., Orl. 1956).
In Antoine v. Hamilton, 144 So. 614 (La.App., 1st Cir. 1932), it was held that a deposit of a cashier’s check in lieu of a devolutive appeal bond was sufficient, as was a check in Marie v. Police Jury of Parish of Terrebonne, 157 So.2d 919 (La.App., 1st Cir. 1963).
However, the record reflects plaintiffs made no effort to enforce their offer or tender of security in lieu of a bond, but that they acquiesced in the action of the clerk, for, under date of January 26, 1968, a formal bond was completed but not filed until January 31, 1968, two days after the delay allowed by law for its filing. Therefore, plaintiffs had a period of seven days after the clerk is alleged to have refused their offer of cash or check as security within which to take some action to require its acceptance or to require a formal bond. As stated, no effort was made to enforce their offer or tender and the bond finally filed was too late.
The fact nevertheless remains that no appeal bond was timely filed nor was a deposit made in lieu thereof. This failure is chargeable to plaintiffs. Hence, we conclude the motion to remand must be overruled and the motion to' dismiss the appeal sustained. And, it is so ordered.
Appeal dismissed.