ELLIS, Judge.
Plaintiff, Albertha Robins, was injured when she fell while descending the back steps of a house rented by defendants to one George J. Lee. This suit was brought for personal injuries suffered and medical expenses incurred by plaintiff as a result of the fall. From an adverse jüdgment, she has appealed.
Plaintiff, the only witness to the accident, testified that she fell when the end of one of the back porch floor boards, which projected beyond the floor joist and hung over the top steps, broke off as she stepped on it. She further testified that she landed on the second, or middle, step, which broke, struck her head on the side of the house, and fell to the ground at the foot of the steps.
All of the witnesses for the plaintiff, including her mother, her sister, and her common law husband, testified that the second step, which was a two inch by twelve inch board, was broken in two. Plaintiff’s testimony is also to the effect that a man, unknown to them, fixed the step two days after the accident.
Defendants’ witness, Santo Vicaro, who stated he was in charge of maintenance of defendants’ various holdings, testified that the first he knew of the accident was when he heard from the plaintiff’s attorney about two weeks after the accident. He immediately visited the house, but could find no broken step. He testified that neither he, nor anyone employed by him, ever repaired the step.
It is clear from the record, and the trial judge found, that the house was in a dilapidated condition, and that plaintiff was aware of that fact, having lived in the house for over a year prior to the accident.
We find the applicable law succinctly stated in the case of Green v. Southern Furniture Company, 94 So.2d 508 (La.App. 1 Cir. 1957), as follows:
“(1) Under the Louisiana civil law, unlike the rule in common law jurisdictions, the owner-lessor is held to strict liability, or liability without fault, for personal injuries sustained by others through the defective condition of the leased premises. Comment, ‘Lessor’s Liability In Louisiana’, 7 La.L.Rev. 406; Comment, ‘Liability of Lessor to Third Persons Lawfully on the Leased Premises’, 16 Tul.L.Rev. 448.
“LSA-Civil Code, Articles 670 and 2322, provide that the owner of a building is liable for damages caused by its ruin or fall, whether a result of neglect to repair it or of a vice in its original construction. *718 ‘Neither ignorance of the condition of the building nor the circumstance that the defect could not be easily detected can be successfully urged as a defense by the owner, ‘Thompson v. Commercial Nat. Bank, 156 La. 479 at page 486, 100 So. 688, at page 690; see also Roppolo v. Pick, La.App.Orleans, 4 So.2d 839, and the authorities cited therein (syllabus 5) ; Thiel v. Kern, La.App.Orleans, 34 So.2d 296 (certiorari denied), and authorities cited therein (syllabus 1). These cases hold that, for purposes of suits by injured tenants or third persons against him, knowledge of even latent defects for which he is responsible is imputed to the owner; he is presumed to know of them. See, among recent cases, Green v. Billa, La.App.Orleans, 86 So.2d 578; Gaida v. Hourgettes, La.App.Orleans, 67 So.2d 737.”
The injured party is required to prove, by a preponderance of the evidence, the fact of the accident, and that it happened as a result of a defective condition in the building.
In this case, after hearing the witnesses, the district judge concluded, because of certain inconsistencies in the evidence, that he found it difficult to believe plaintiff’s testimony as to the way in which the accident happened. He dismissed the suit on the ground that he was not satisfied that plaintiff had proved her case by a preponderance of the evidence.
Plaintiff was the only witness to her accident, and no evidence was offered corroborating her testimony as to the way in which she was injured. The trial judge, who heard her testify and who observed her demeanor on the witness stand, did not consider her to be worthy of belief. We cannot say that in so doing he was manifestly erroneous.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.