490 So.2d 510 (1986)
CITIZENS AGAINST GOVERNMENT TAKEOVER and George Denegre et al.
v.
Joseph I. GIARRUSSO, et al.
No. CA-4885.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*511 William J. Guste, Jr., Atty. Gen., Lisa F. Keegan, Staff Atty., Arthur J. Finn, Staff Atty., New Orleans, for appellee.
Joseph J. Desalvo, Jr., New Orleans, for appellant.
Before KLEES, LOBRANO and WARD, JJ.
LOBRANO, Judge.
We exercise our supervisory jurisdiction to consider the "appeal" of Rosemary James from a district court judgment holding her in constructive contempt of court. A judgment of constructive contempt is not appealable, but may be subject to review by application for supervisory writs. LeBlanc v. LeBlanc, 404 So.2d 530 (La.App. 4th Cir.1981), and the cases cited therein.
During May of 1985, Rosemary James, a public relations consultant, was working on behalf of the Committee Against Government Takeover (CAGT) seeking to persuade New Orleans voters to let the regulation of the New Orleans Public Service, Inc. remain with the Public Service Commission rather than to transfer it back to the City Council. On May 2, 1985, District Court Judge Joseph DiRosa signed a temporary restraining order which, in effect, required under La.R.S. 18:1463 C(1) a minor technical change in CAGT's public advertisements. Following the hearing on the temporary restraining order, a reporter for the Time Picayune asked the appellant for her reaction to Judge DiRosa's decision. Ms. James' comment, published in the paper that afternoon was,
"We knew damned well that Judge DiRosa would sign anything that (Brod) Bagert or (City Attorney Sal) Anzelmo would ask him to sign."
A rule for contempt was issued by Judge DiRosa the following day, citing the appellant for constructive contempt under Article 224 of the Louisiana Code of Civil Procedure. Subsection 10 of that Article provides:
"Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority and which is not a direct contempt."
At the hearing on the rule, Ms. James admitted making the statement and asserted it was within the protection guaranteed her by the First Amendment to the United States Constitution. The trial judge then found her in constructive contempt of court, fined her $10.00, and promptly suspended the fine.
Appellant presents the same First Amendment arguments to this court citing the holdings of Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964) and New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
Although we concede that the statements made by appellant are an affront to the dignity and integrity of the lower court, we must conclude those utterances are protected by the First Amendment.
The First Amendment applies to the States by virtue of the Fourteenth Amendment. Repression of free speech can occur through various state actions such as civil libel actions, criminal libel statutes, contempt proceedings, etc. In the instant case, the judgment of constructive contempt is an abridgement of the right of free speech. When the utterances involve the criticism of a public officer, the guidelines set forth in New York Times v. Sullivan, supra and Garrison v. Louisiana, supra are to be applied to determine if *512 there is an overriding public interest in repressing the free speech.
There is no doubt the state has an interest in preserving the integrity and dignity of the judicial system, and respect for its authority. However, in the factual context of this case, we are of the opinion that the state interest does not override the right to free speech. The utterances made by appellant, although derogatory on their face, do not present a clear and present danger of the obstruction of justice. See, Bridges v. California, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192.
We are compelled to analogize this case to Garrison v. Louisiana, supra. In Garrison, the defendant was convicted under Louisiana's criminal libel statute for statements made against the Criminal Court Judges of Orleans Parish. In reversing the conviction, the U.S. Supreme Court said:
"... where the criticism is of public officials and their conduct of public business, the interest in private reputation is overborne by the larger public interest, secured by the Constitution, in the dissemination of truth." Garrison, supra, at 379 U.S. at 72, 73, 85 S.Ct. at 214, 215.
We therefore hold that, under the facts of this case, the utterances made by appellant are protected by the First Amendment right of free speech and the repression of same by a finding of constructive contempt cannot be maintained.
REVERSED AND RENDERED.