liPLOTKIN, J.,
Concurring.
There is no question that the statements made by Mr. Woods were contemptuous in the ordinary sense of the word and that his action was unprofessional and unethical. I write separately because I believe the majority needlessly decides that Mr. Woods’s action does not amount to constructive contempt before ruling that his statements are protected by the First Amendment.
Louisiana Code of Criminal Procedure article 23 defines constructive contempt as “any contempt other than a direct one.” Article 23 provides an illustrative list following this definition and indicates that this list is not exhaustive. Although the majority agrees that the list is merely illustrative, the majority finds that Mr. Wood’s action does not amount to constructive contempt. I respectfully disagree.
In the context of contempt, the Louisiana Code of Civil Procedure may be consulted by analogy in a manner consistent with Code of Criminal Procedure article 3. The Code of Civil Procedure provides the same definition of contempt as the criminal code. Code of Civil Procedure article 224 gives a different illustrative list than Code of Criminal Procedure article 23, however, which list includes:
(10) Any other act or omission punishable by law as contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the *454 dignity of the court or respect for its authority, and which is not a direct contempt.
laAt the least, I believe that Mr. Woods’s statements were intended to impair the dignity of the court or respect for its authority. Accordingly, I would not find that the trial judge erred in concluding that Mr. Woods’s action amounted to constructive contempt.
Although I find Mr. Woods’s action unprofessional and unethical, and would find his action within the ambit of the constructive contempt statute, I agree that his statements are protected by the First Amendment. Speech that is critical of a court or a judge is protected by the First Amendment unless it is shown to present a clear and present danger that it will influence the court’s decision in a pending case. See, e.g., Coleman v. Caddo Parish School Board, 25617, 25925, 25931 (La.App.2d Cir. 3/31/94), 635 So.2d 1238, writ denied, 639 So.2d 1171 (La.1994); see also Citizens Against Government Takeover v. Giarrusso, 490 So.2d 510 (La.App. 4th Cir.1986). The United States Supreme Court discussed the showing of danger necessary in a case such as this:
This was strong language, intemperate language, and, we assume, an unfair criticism. But a judge may not hold in contempt one “who ventures to publish anything that tends to make him unpopular or to belittle him....” See Craig v. Hecht, 263 U.S. 255, 281, 44 S.Ct. 103, 108, 68 L.Ed. 293, Mr. Justice Holmes dissenting. The vehemence of the language used is not alone the measure of the power to punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil.
Craig v. Harney, 331 U.S. 367, 375, 67 S.Ct. 1249, 1255, 91 L.Ed. 1546 (1947).
Statements made by attorneys to the media such as that made by Mr. Woods tend to lower public opinion of the justice system, cause distrust of the judiciary, and impair the rule of law. However, under the circumstances of this case, Mr. Woods is beyond the reach of the contempt power of the courts because it has not been shown that Mr. Woods’s action presented a clear and present danger of influencing the judge’s decision in a pending case.