PICKETT, Judge.
This matter is before this Court on a motion to dismiss the appeal. Mover contends that no appeal bond was ever filed since the cash deposit in an amount equal to the amount prescribed for the appeal bond could not serve as an appeal bond; alternatively, he contends that if such deposit be considered an appeal bond, then such bond was filed after the delay for perfecting the appeal; and thirdly he contends that the filing fee of $25.00 due the appellate court was never furnished the clerk of the district court as required by LSA-C.C.P. 2126.
Appellant has filed in this proceeding a pleading entitled, “Exception of Prematurity to Mover’s Motion to Dismiss Appeal”, in which he asserts the cash deposit is sufficient as an appeal bond, but contends the motion is premature as the record has not been received by this Court. He also asserts the delay for perfecting an appeal in this matter is 90 days rather than 30 days, stating, “Ergo, this being a judgment for alimony, which is a gratuity, *708 Respondent was entitled to a devolutive appeal and had ninety (90) days from November 7, 1968, * * * in which to post bond or until February 4, 1969.”
The record in this matter is not now in the possession of this Court, having been returned to the district court by us after we had discharged the writs we had previously issued therein. However, the motion to dismiss and the briefs and affidavits in support of and in opposition thereto afford sufficient information to dispose of this matter.
The incontrovertable facts are shown as follows:
November 4, 1968, Judgment signed.
November 5, 1968, Copy of judgment received by counsel for appellant.
November 8, 1968, Petition for appeal filed and granted upon posting of $750.00 bond, returnable January 6, 1969, to Court of Appeal, Third Circuit.
January 28, 1969, Date the cash, in the amount of $750.00, was deposited with the Clerk of Court, with instructions it was to be used as appeal bond.
February 3, 1969, Supplemental petition for appeal filed, returnable March 4, 1969, to Court of Appeal, First Circuit.
The affidavit of the Clerk of Court shows the cash deposit was made on January 28, 1969, and that as of April 30, 1970, he has never received from appellant the $25.00 deposit to forward to the Court of Appeal (as is prescribed by law).
We find the appeal was not timely perfected and therefore dismiss the appeal.
Although a cash deposit in an amount equal to the amount prescribed for the appeal bond is sufficient as security for an appeal (See Adams v. Aetna Cas. & Sur. Co., 199 So.2d 361, and cases cited therein), this deposit was not made until the eighty-second day after the delay for applying for a new trial.
The judgment appealed from was one awarding alimony at the rate of $65.00 per month. It was not one awarding accumulated arrearages in alimony. Therefore, the delay for perfecting an appeal therefrom is governed by LSA-C.C.P. 3943, which provides:
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. * * * ” (Emphasis supplied)
Article 3942 provides a 30 day delay.
Since the “bond” was not posted during the 30 day delay, the judgment has become final and this Court is without jurisdiction to entertain the appeal.
For the foregoing reasons, the appeal is dismissed.
Appeal dismissed.