280 So.2d 352 (1973)
Sarah Teles PASTERNACK, Plaintiff-Appellee,
v.
Ronald R. LUBRITZ, Defendant-Appellant.
No. 4229.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
Leo Boothe of Smith, Taliaferro, Seibert & Boothe, Jonesville, for defendant-appellant.
Paul Holmes of Holmes & Dukes, Hattiesburg, Miss., Falkenheiner & Calhoun by George Murray, Jr., Vidalia, for plaintiff-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This is an appeal from a judgment which found defendant-appellant in contempt for failing to comply with a prior judgment of the court and from the denial of defendant-appellant's motion for a new trial. Plaintiff-appellee contends that neither a judgment of contempt nor a judgment denying a new trial is appealable, and that the appeal should be dismissed. Defendant-appellant contends that the judgment, which also ordered him to comply with the former judgment, changed one of the requirements of the prior judgment and is therefore appealable. We dismiss the appeal.
Although the wording of the January 26, 1973 judgment is somewhat different from the prior judgment, we see no change of substance of defendant-appellant's duties. Moreover, the wording of the January 26 judgment clearly shows that it is only reiterating the requirements of the prior judgment. Thus, the portions of the judgment appealed from are no more than a judgment of contempt.
Our jurisprudence is established that a judgment holding one party in a law suit in contempt of court is not a judgment from which an appeal may be taken. A litigant's remedy in such a case is to apply to this Court for supervisory writs, Wall v. Wall, 230 So.2d 420, (La.App. 1st Cir. 1969); Advertiser, Division of Independent, Inc. v. Tubbs, 199 So.2d 426, (La. App. 3rd Cir. 1967); Moity v. Mahfouz, 137 So.2d 513, (La.App. 3rd Cir. 1961).
*353 The law is also well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. The proper procedure is to appeal from the final judgment in the case in which the new trial was denied. General Motors Acceptance, Inc. v. Deep South Pest Control Inc, 247 La. 625, 173 So.2d 190 (1965); Fidelity National Bank of Baton Rouge v. Sheppard, 250 So.2d 574, (La.App. 1st Cir. 1971).
We therefore conclude that the judgments appealed from in the instant case are judgments which under the law of this State are not appealable.
For the foregoing reasons the appeal is dismissed. All costs of this appeal are assessed to the defendant-appellant.
Appeal dismissed.