404 So.2d 530 (1981)
Sandra Holmes, wife of George A. LE BLANC
v.
George A. LE BLANC.
No. 12312.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1981.
*531 Michael J. Moran and Rebecca B. Macke, Metairie, for plaintiff-appellee.
Melvin C. Zeno, Marrero, for defendant-appellant.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SAMUEL, Judge.
This is an appeal from a judgment on a rule filed by appellant. The judgment altered visitation rights in favor of appellant and dismissed his motion to hold his wife in contempt of court for interfering with visitation rights previously granted him.
On our own motion, we issued a rule to show cause why the appeal should not be dismissed for lack of jurisdiction by this court resulting from an apparent defect, i. e., that the appeal was not taken timely.
Appellant's rule was heard in the trial court on September 5, 1980. After hearing the evidence, the court rendered judgment from the bench in the presence of the parties and their attorneys. The judgment was signed on October 7, 1980. Neither attorney requested notice of the signing of the judgment.[1] Appellant did not apply for a new trial. He filed his motion for a devolutive appeal on December 5, 1980.
Appellant argues he is entitled to a sixty day appeal period under Code of Civil Procedure Article 2087 instead of the period allowed by Code of Civil Procedure Articles 3942 and 3943. Article 3942 allows only a thirty day appeal period "from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce", and Article 3943 reads as follows:
"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony." LSA-C.C.P. Art. 3943.
Our jurisprudence has concluded that the term "custody" as used in Article 3943 also includes visitation privileges, and an appeal from a judgment concerning visitation privileges must be perfected within the thirty day delay.[2] Although appellant *532 had seven days ("commencing to run on the day after the judgment was signed"[3]) to apply for a new trial before this appeal period began to run, clearly his appeal was not taken within the thirty day delay.
Appellant also argues his appeal was timely because notice of signing of the judgment was not sent to or served on him, and under Code of Civil Procedure Article 1974 the delay for applying for a new trial commences to run on the day after the clerk mailed a notice of judgment as required by Code of Civil Procedure Article 1913. Thus, he further argues the delay for taking his appeal did not commence to run until after the expiration of the delay for applying for a new trial.
This argument is without merit. The second paragraph of Article 1974 specifically states "When notice of judgment is required under Article 1913," the delay for applying for a new trial begins to run on the day after the notice of judgment has been mailed or served. And under the facts of this case notice of judgment was not required under Article 1913, which reads in full:
"Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required." LSA-C.C.P. Art. 1913.
Here, the record reflects that at the conclusion of the trial the case was not taken under advisement. The court did not sign a judgment at that time. As we also have pointed out, the record further shows neither attorney made a request of record for notice of the date when the judgment was signed. Hence, the clerk was under no duty to mail notice of signing of the judgment and the thirty day appeal delay had run before the motion for appeal was filed.
We hold appellant's appeal from that portion of the judgment setting forth visitation privileges was not taken timely and, consequently, this court is without jurisdiction to consider or decide the matter.
Finally, appellant argues he is entitled to the sixty day appeal period allowed for a devolutive appeal under Article 2087 because his appeal also involves the trial court's refusal to hold his wife in contempt of court for allegedly interfering with his visitation privileges.
In fact, the appellant is without standing to appeal the trial court's refusal to hold his wife in contempt.[4]
*533 For the reasons assigned, the appeal is dismissed.
APPEAL DISMISSED.
NOTES
[1] See Code of Civil Procedure Article 1913.
[2] Kreshel v. Kreshel, La.App., 326 So.2d 887; Lewis v. Lewis, La.App., 148 So.2d 420, relying on Downey v. Downey, 183 La. 424, 164 So. 160.
[3] LSA-C.C.P. Art. 1974.
[4] In addition, with some exceptions, the firm judicial rule is that a judgment of contempt is not appealable even by the litigant who has been held in contempt. Such a litigant can obtain review of his conviction only by an application for writs. See McMicken v. Perin, 61 U.S. 20 How. 133, 15 L.Ed. 857; State v. Louisiana Public Service Commission, 161 La. 293, 108 So. 487; City of Gretna v. Rossner, 154 La. 117, 97 So. 335; State v Judge Parish Court, 31 La.Ann. 116; Succession of Carriere, 34 La. Ann. 1056; Matter on Carter, La.App., 357 So.2d 1175, writ denied, La., 358 So.2d 949; Pasternack v. Lubritz, La.App., 280 So.2d 352; Wall v. Wall, La.App., 230 So.2d 420; The Advertiser v. Tubbs, La.App., 199 So.2d 426; Weaver v. Weaver, La.App., 181 So.2d 61, writ denied, 248 La. 1031, 183 So.2d 652; Moity v Mahfouz, La.App., 137 So.2d 513, writ denied, 242 La. 625, 137 So.2d 514; and State v. Tangipahoa Parish School Board, La.App., 9 So.2d 826. Contra, see Frazier v. Frazier, La.App., 374 So.2d 198; City of Monroe v. Evans, La. App., 385 So.2d 912, and cases cited therein. It should be noted that the first group of citations (which could be increased) contain cases handed down by the Supreme Court of Louisiana, while the latter group do not.