499 So.2d 1123 (1986)
Linda Carter SLAUGHTER, Plaintiff-Appellee,
v.
Herman Woodrow SLAUGHTER, Defendant-Appellant.
No. 85-1102.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Wright & Wright, R. Stuart Wright, Natchitoches, for defendant-appellant.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for plaintiff-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
DOUCET, Judge.
This is an appeal from a judgment which found defendant, Herman Slaughter, in contempt of court for failing to comply with a prior judgment of the court and *1124 further restricted the defendant's visitation privileges with his two seven year old twin boys.
Herman and Linda Slaughter were divorced by judgment dated May 17, 1982. The custody of the children was awarded to Linda with visitation privileges awarded to the father. Following the divorce, this couple has returned to court on many occasions, litigating the questions of custody and visitation.
The specific visitation privileges awarded to Herman ordered visitation on weekends from Friday afternoon until 5:00 P.M. on Sunday. Holiday visitation was agreed upon. Later, the judgment of visitation was amended to provide that the defendant, prior to each visitation, would have to present himself to the Substance Abuse Clinic for the purpose of taking medication which would curb his consumption of alcoholic beverages while he had the children in his care. This change in the visitation resulted from a hearing which showed that Herman was consuming alcoholic beverages while the children visited him, thereby endangering the welfare of the children.
Linda moved her residence from Natchitoches to Houston, Texas for employment purposes. In July 1985, the defendant exercised his weekend visitation but again failed to return the children timely. Also, he did not comply with the substance abuse order and was drinking when he finally returned the children. After another rule by Linda, the trial judge further restricted the defendant's visitation to one Saturday per month from 10:00 A.M. until 4:00 P.M. to be exercised in the company of Linda. The defendant was also adjudged in contempt of court and fined $500.00. Attorney's fees of $500.00 were awarded to the wife.
The defendant appeals the visitation changes and the contempt sentence contending that the trial court erred in making the changes of visitation and the sentence of the defendant for contempt. We affirm the visitation judgment but dismiss the appeal concerning the contempt as not being appealable.

APPEAL OF CONTEMPT JUDGMENT
A judgment holding one party in a lawsuit, in contempt of court is not a judgment from which an appeal may be taken. In the case of Pasternack v. Lubritz, 280 So.2d 352 (La.App. 3rd Cir.1973), this court held as follows:
"Our jurisprudence is established that a judgment holding one party in a law suit in contempt of court is not a judgment from which an appeal may be taken. A litigant's remedy in such a case is to apply to this Court for supervisory writs, Wall v. Wall, 230 So.2d 420, (La. App. 1st Cir.1969); Advertiser, Division of Independent, Inc. v. Tubbs, 199 So.2d 426, (La.App. 3rd Cir.1967); Moity v. Mahfouz, 137 So.2d 513, (La.App. 3rd Cir.1961)."
For these reasons that portion of the appeal concerning the contempt proceedings shall be dismissed.

RESTRICTION OF VISITATION
The defendant contends that the trial court abused its discretion in its restriction of visitation privileges. This court has made the following observation as to a trial court's discretion in awarding visitation privileges. In Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir.1982), this court stated:
"A divorced father is ordinarily entitled to visitation with his minor child, when custody has been awarded to the mother. However, this right may be regulated, limited, or completely taken away by the court when the father's conduct in exercising the right could injuriously affect the child ..."
We have examined the record and find that there was no abuse of discretion. This case presents a history of numerous hearings pertaining to custody and visitation privileges. The same trial judge presided at these many hearings. The trial court is therefore well acquainted with the problems presented by the parties. In its oral reasons for judgment the trial court *1125 gives a history of the visitation problems caused by the defendant's failure to comply with the orders of the court. The trial court details the history of the defendant's alcohol problem. The court endeavored to allow visitation but was careful to protect the welfare of the two boys. The consumption of alcohol by the defendant continued and the evidence reflected that this condition was jeopardizing the welfare of the children. Under these circumstances, the trial court had the duty to regulate the visitation rights of the defendant in order to protect the welfare of the children. We find no abuse of discretion. This portion of the judgment shall be affirmed.
The defendant complains that the $500.00 award of attorney's fees is excessive. An examination of the record reveals that this was a very conservative award. This argument lacks merit.
For these reasons, the appeal from that portion of the judgment which adjudged Herman Slaughter to be in contempt of court is dismissed for the lack of jurisdiction.
The judgment in other respects is affirmed. Herman Slaughter-appellant is to pay the costs of this appeal.
DISMISSED IN PART AND AFFIRMED IN PART.