498 So.2d 1145 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
In the Interest of John Henry SAMPSON, Defendant-Appellant.
No. 86-77.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1146 Steven L. Mayer, Baton Rouge, for defendant-appellant.
Gregory L. Landry, Lafayette, for defendant-appellee.
A.C. Elias, New Iberia, for plaintiff-appellee.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
This appeal presents the issue of whether or not the trial court erred in finding plaintiff in contempt of court.
The Department of Health & Human Resources (hereinafter DHHR) appeals from a judgment finding it in contempt of court for instituting an abandonment proceeding in the interest of a minor, John Henry Sampson, rather than attempting to reunite the child with his parents as ordered by the Court. Since contempt of court is not a judgment from which an appeal may be taken, we dismiss the appeal.

FACTS
John Henry Sampson was born on September 2, 1981 and resided with his unmarried parents, John and Carol Sampson. On October 22, 1981, DHHR received a complaint that the child had been abused by his mother. Proceedings were instituted in juvenile court which resulted in custody of the child being granted to DHHR on October 30, 1981. DHHR placed the child in foster care while it worked with the parents. The court periodically reviewed the case to determine whether reunification of the child with his parents was possible.
At a review hearing on June 4, 1985, the court ordered continued custody of the child with the DHHR and further ordered that DHHR take all necessary and reasonable steps to attempt to reunify the family. On August 7, 1985, DHHR filed an affidavit for abandonment as a preliminary step to placing the child for adoption, alleging that the natural parents had not had any contact with the child since September, 1983.
On August 20, 1985, Carol Sampson filed a rule to show cause why DHHR should not be held in contempt for pursuing abandonment when the court had ordered DHHR to continue to attempt reunification of the child with its parents. After a hearing the court found DHHR in contempt of court and imposed a fine of $100.00.
DHHR appeals the decision of the trial court, contending that the trial judge erred:
(1) In finding DHHR in contempt and fining it $100.00;
(2) In finding that the filing of an affidavit of abandonment was in contempt of the Court's order to try to reunite the family;
(3) In finding that the filing of the affidavit of abandonment was in violation of a direct order of the Court; and
(4) In finding that the filing of the affidavit was a willful disobedience of the Court order.

LAW
It is a firmly established rule of law that a judgment holding a party to a lawsuit in contempt of court is not a judgment from which an appeal may be taken. The aggrieved party's appropriate remedy in such a case is to apply for supervisory writs. Slaughter v. Slaughter, 499 So.2d 1123 (La.App. 3 Cir.1986); LeBlanc v. LeBlanc, 404 So.2d 530 (La.App. 4 Cir. 1981); Matter on Carter, 357 So.2d 1175 (La.App. 3 Cir.1978), writ den., 358 So. 2d 949 (La.1978); Pasternack v. Lubritz, 280 So.2d 352 (La.App. 3 Cir.1973); Wall v. Wall, 230 So.2d 420 (La.App. 1 *1147 Cir.1969), appeal dismissed, 239 So.2d 707 (La.App. 1 Cir.1970). Although the majority of Louisiana jurisprudence holds that contempt judgments are not appealable, some cases have permitted a review on appeal where the appellate court was reviewing other related appealable matters. City of Monroe v. Evans, 385 So.2d 912 (La.App. 2 Cir.1980); Lambert v. Adams, 347 So.2d 883 (La.App. 3 Cir.1977); New Orleans F.F. Ass'n Loc. 632 v. City of New Orleans, 260 So.2d 779 (La.1972), writ ref'd, 262 La. 187, 190, 262 So.2d 787, 788 (1972); writ granted, 262 La. 452, 453, 263 So.2d 721, 722 (1972), aff'd, 263 La. 649, 269 So.2d 194 (1972), cert. den., 411 U.S. 933, 93 S.Ct. 1902, 36 L.Ed.2d 392 (1973).
In this case, the only issue raised on appeal was whether or not the trial court erred in finding DHHR in contempt of court. There are no other appealable matters raised by the appeal or by the parties' briefs. We therefore conclude that the contempt judgment which has been appealed is not properly appealable and we will not review the correctness of the contempt judgment on this appeal.
For the foregoing reasons, the appeal is dismissed. All costs of the appeal are assessed to DHHR.
APPEAL DISMISSED.