PER CURIAM.
Terry Gardner, convicted of aggravated rape and now serving a life sentence in the custody of the Louisiana Department of Corrections, filed a civil suit for damages against the Sheriff of LaSalle Parish, the District Attorney of that Parish, and the State of Louisiana. The petition alleged that following his arrest for aggravated rape on December 11, 1984, prosecution was instituted improperly by the filing of a bill of information by the district attorney, rather than a bill of indictment by a Grand Jury, the latter being the required method for institution of a criminal prosecution for an offense punishable by life imprisonment (La.C.Cr.P. art. 382), as is aggravated rape. A Grand Jury later returned an indictment, and plaintiff was prosecuted on it and convicted, but the time period during which he continued in custody between the arrest and filing of the indictment, according to the plaintiff’s petition, greatly exceeded the minimum 60 days allowed by La.C.Cr.P. art. 701(B)(1). Gardner alleged that between the arrest and the Grand Jury indictment, December 11, 1984, to March 16, 1985, he was illegally detained causing him damages which he claimed in this suit against these three defendants.
All three defendants filed exceptions of no cause of action. The trial judge overruled the district attorney’s exception and took the exceptions of the sheriff and the state under advisement. The district attorney applied to us for writs.
We grant the writ application and make it peremptory. The trial court erred in overruling the district attorney’s exception of no cause of action.
The provisions of the Code of Criminal Procedure are intended to provide for the just determination of criminal proceedings. La.C.Cr.P. art. 2. It is the alleged failure of the district attorney herein to comply with these proceedings that is the basis for *968 this civil action for damages. The alleged delict of the district attorney is not that he pressed charges, but that he pressed charges by the wrong method. The district attorney is made a defendant because of his control over the prosecution. It is his alleged negligent handling of that prosecution that is the basis of the suit. The petition alleges malice. Therefore, this is a suit to recover damages for malicious prosecution.
The elements of a malicious prosecution action are listed in Jones v. Soi-leau, 448 So.2d 1268 (La.1984). The first element is that there must be the commencement or continuance of an original criminal or civil judicial proceeding. That element is alleged in the petition. The second element is that the proceeding’s legal causation be by the present defendant in the original proceeding. That element is likewise pleaded here. To satisfy the third element plaintiff would have to allege a bona fide termination of the aggravated rape prosecution in his favor. He did not and cannot satisfy that element because he was convicted and the conviction has not been overturned on appeal. The remaining elements — absence of probable cause, presence of malice, and damage — need not be discussed because the essential third element of the malicious prosecution action is not satisfied. The petition does not state a cause of action.
For these reasons, IT IS ORDERED that the trial court judgment overruling the district attorney’s exception of no cause of action is vacated and set aside. The trial court is ordered to sustain the district attorney’s exception of no cause of action and dismiss him from the suit with prejudice.