GUIDRY, Judge.
This appeal presents the issue of whether or not the trial court erred in finding Officer Timothy Ledet and his attorney Wayne Crouch in contempt of court. Since contempt of court is not a judgment from which an appeal may be taken, we dismiss the appeal.
FACTS
On March 14, 1988 plaintiff, Ginger Taylor, filed a notice for deposition for officer Ledet and subpoena duces tecum. Ledet was personally served the following day on March 15, 1988. Ledet had a meeting with his attorney, Wayne Crouch, who advised him that a pending Motion for Protective Order would stay the scheduled deposition. Mr. Crouch later contacted the presiding judge and inquired into whether the pending motion would stay the deposition. The trial judge informed Mr. Crouch that the Motion for Protective Order had been scheduled for hearing, but that the deposition and subpoena would not be stayed.
The officer failed to appear at the deposition and failed to honor the subpoena, therefore a rule to show cause was issued to Ledet and Crouch why they should not be held in contempt for failing to comply with a subpoena and subpoena duces te-cum. A hearing was held on April 18, 1988. The trial court rendered judgment on June 27, 1988 finding Ledet and Crouch guilty of contempt. Officer Ledet was fined $100., or in default thereof, five days in jail. Crouch was fined $250., or in default thereof, five days in jail. The defendants-in-rule have appealed that judgment.
In State v. Sampson, 498 So.2d 1145 (La.App. 3rd Cir.1986) this Court stated as follows:
It is a firmly established rule of law that a judgment holding a party to a lawsuit in contempt of court is not a judgment from which an appeal may be taken. The aggrieved party’s appropriate remedy in such a case is to apply for supervisory writs. Slaughter v. Slaughter, 499 So.2d 1123 (La.App. 3 Cir.1986); LeBlanc v. LeBlanc, 404 So.2d 530 (La.App. 4 Cir.1981); Matter on Carter, 357 So.2d 1175 (La.App. 3 Cir.1978), writ den., 358 So.2d 949 (La.1978); Pasternack v. Lubritz, 280 So.2d 352 (La.App. 3 Cir.1973); Wall v. Wall, 230 So.2d 420 (La.App. 1 Cir.1969), appeal dismissed, 239 So.2d 707 (La.App. 1 Cir.1970). Although the majority of Louisiana jurisprudence holds that contempt judgments are not appealable, some cases have permitted a review on appeal where the appellate court was reviewing other related appealable matters. City of Monroe v. Evans, 385 So.2d 912 (La.App. 2 Cir. 1980); Lambert v. Adams, 347 So.2d 883 (La.App. 3 Cir.1977); New Orleans F.F. Ass’n Loc. 632 v. City of New Orleans, 260 So.2d 779 (La.App. 4 Cir.1972), writ ref'd, 262 La. 187, 190, 262 So.2d 787, 788 (1972); writ granted, 262 La. 452, 453, 263 So.2d 721, 722 (1972), aff’d, 263 La. 649, 269 So.2d 194 (1972), cert. den., 411 U.S. 933, 93 S.Ct. 1902, 36 L.Ed.2d 392 (1973).
In this case the only issue raised on appeal is whether or not the trial court erred in finding the defendants-in-rule in contempt. There are no other appealable matters raised by the appeal. We therefore conclude that the contempt judgment which has been appealed is not properly appealable and we will not review the correctness of the contempt judgment on this appeal.[1]
For the foregoing reasons, the appeal is dismissed at defendants-in-rule cost.
APPEAL DISMISSED.

. The same issues presented by this appeal were fully considered by this Court in appellants’ writ application, being our docket No. K88-739, which was denied by a different panel of this Court on September 13, 1988, for no error.