STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-914

MASON GODFREY

VERSUS

PAUL REGGIE, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-4876
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.

REVERSED AND REMANDED.


David Frank Dwight
Attorney at Law
1400 Ryan Street
Lake Charles, LA 70601
(337) 439-3138
Counsel for Defendant/Appellee:
    Deputy Eugene Thibodeaux

Terry James Manuel
Assistant District Attorney
P. O. Box 3206
Lake Charles, LA 70602
(337) 437-3400
Counsel for Defendants/Appellees:
    Paul Reggie
    John DeRosier

**Robert C. McCorquodale**
**In House Counsel**
**Calcasieu Parish Sheriff's Office**
**1011 Lakeshore Drive, Suite 310**
**Lake Charles, LA 70601**
**(337) 491-3622**
**Counsel for Defendant/Appellee:**
     **Deputy Eugene Thibodeaux**

**Mason Godfrey**
**In Proper Person**
**Louisiana State Penitentiary**
**Walnut #4, Main Prison West**
**Angola, LA 70712**

**DECUIR, Judge.**

Mason Godfrey filed a civil suit against three defendants, Deputy Eugene Thibodeaux of the Calcasieu Parish Sheriff's Office, Calcasieu Parish District Attorney John DeRosier, and Assistant District Attorney Paul Reggie, alleging false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Pursuant to exceptions of no cause of action, insufficiency of service of process, and prescription, Godfrey's suit was dismissed. Godfrey now appeals, and for the following reasons, we reverse and remand.

Mason Godfrey is a *pro se* litigant who was incarcerated at the time he filed the present case. The facts alleged in his petition indicate that he was a defendant in a Calcasieu Parish criminal prosecution at the time of the events leading up to his lawsuit. He appeared in court for a hearing and entered into a private conversation with Paul Reggie, the assistant district attorney prosecuting the charges against him. The conversation ended in a disagreement between Godfrey, Reggie, and Deputy Thibodeaux who had intervened in the discussion. As a result of this discussion, Godfrey was arrested and charged with the offense of intimidation of a public official. At a subsequent jury trial, Godfrey was convicted as charged, but this court reversed and entered judgment on the lesser included offense of threatening a public official. *State v. Godfrey*, 08-828 (La.App. 3 Cir. 2/18/09), 4 So.3d 265. On appeal, the supreme court reversed and reinstated Godfrey's conviction and sentence. *State v. Godfrey*, 09-630 (La. 12/1/09), 25 So.3d 756. On remand of Godfrey's adjudication as an habitual offender, this court vacated the adjudication and remanded to the trial court for resentencing. *State v. Godfrey*, 08-828, 08-1231 (La.App. 3 Cir. 3/3/10), 32 So.3d 1020, *writ denied*, 10-758 (La. 10/29/10), _____ So.3d _____.

During the course of the criminal prosecution, Godfrey filed, *in forma pauperis*, the present civil suit as a *pro se* litigant. Without the assistance of counsel, Godfrey filed inappropriate documentation in support of his pauper status and did not request service of process on the defendants. The suit remained dormant for eighteen months, when Godfrey finally sent service instructions to the court. Once service was effected, the defendants filed exceptions which were set for hearing promptly. On its own motion, the trial court ordered that Godfrey be transported from the prison facility where he was incarcerated to the court for the hearing on the defendants' exceptions.

The record before us shows that the warden of the prison where Godfrey was incarcerated was served with an order to transport Godfrey to the Calcasieu Correctional Center and then to the Calcasieu Judicial Center for the October 7, 2009 hearing on the defendants' exceptions. Godfrey asserts that he was indeed brought to the correctional center but was then never taken to the courtroom for the hearing. As a prisoner, he was unable to freely walk to the courtroom on his own. Both the court minutes and the transcript of the hearing show that Godfrey was not present for the hearing. In fact, at the hearing, the trial court questioned the defendants' attorneys by asking, "You believe that we can proceed without his presence here?" Counsel for DeRosier and Reggie answered simply, "Yes, sir, Your Honor."

The hearing proceeded and exceptions of insufficiency of service of process and prescription were maintained in favor of Deputy Thibodeaux pursuant to La.Code Civ.P. art. 1672 and La.R.S. 13:5107. An exception of no cause of action was maintained in favor of Derosier and Reggie, based on their allegation of absolute immunity from suits which arise from acts or omissions committed in their official

2

prosecutorial capacity. In response to Godfrey's appeal, only Thibodeaux filed a brief. DeRosier has not filed a brief and Paul Reggie is now deceased.

Godfrey, a *pro se* incarcerated civil litigant, was entitled to a contradictory hearing on the exceptions filed by the defendants. Both La.R.S. 13:5107, which pertains to service of citation and process in suits against an employee of a state agency, and La.Code Civ.P. art. 1672, which allows for the involuntary dismissal of a defendant for whom service has not been timely requested, require a contradictory hearing before dismissal may be granted. *Langlois v. E. Baton Rouge Parish Sch. Bd.*, 99-2007 (La. 5/16/00), 761 So.2d 504. The peremptory exception of no cause of action, which cannot be supported or controverted with evidence, is nevertheless generally decided after a hearing where the plaintiff is given the opportunity to argue in support of his case, and, if his petition "fails to make the basic allegations that are required to maintain a claim, the court should sustain the objection and provide the plaintiff an opportunity to amend the petition." *Goulas v. Denbury Mgmt., Inc.*, 00-935 (La.App. 3 Cir. 12/6/00), 774 So.2d 346. In fact, specifically with regard to the absolute immunity defense, courts are sometimes faced with a very close issue that deserves meticulous consideration:

> We agree that a functional analysis of the role a prosecutor is fulfilling when the alleged misconduct occurs is the touchstone to determining the type of immunity available. We are persuaded that granting absolute immunity to prosecutors from malicious prosecution suits is appropriate when the activities complained of fall within the scope of the prosecutor's role as an advocate for the state and are intimately associated with the conduct of the judicial phase of the criminal process. **In certain cases, determining whether the conduct complained of falls within the ambit of absolute immunity protection may not be an easy task.**

*Knapper v. Connick*, 96-0434, p. 10 (La. 10/15/96), 681 So.2d 944, 950. (Emphasis added.)

Given the myriad of allegations contained in Godfrey's petition, and given the circumstances of Godfrey being a *pro se* incarcerated litigant, we find the trial court erred in conducting a hearing on the exceptions without giving Godfrey the opportunity to be heard. His absence at the hearing, with no representation or opportunity to be heard, constituted a denial of due process in violation of the state and federal constitutions.

For the above and foregoing reasons, the judgments of the trial court are reversed. This case is remanded for further proceedings not inconsistent with this opinion. Costs of the appeal are assessed equally between the District Attorney's Office and the Sheriff's Office.

**REVERSED AND REMANDED.**

4