# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1575


MASON GODFREY

VERSUS

**PAUL REGGIE, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-4876
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**David F. Dwight**
**1400 Ryan Street**
**Lake Charles, LA   70601**
**(337) 439-3138**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Deputy Eugene Thibodeau**

**Robert C. McCorquodale**
**In-House Counsel**
**Post Office Box 2185**
**Lake Charles, LA   70602**
**(337) 491-3622**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Deputy Eugene Thibodeau**

**Robert S. Kleinschmidt, Jr.**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602**
**(337) 437-3400**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Paul Reggie**
     **John DeRosier**

**Mason Godfrey**
**Unit #1, G Dorm**
**Post Office Box 788, Highway 68**
**Jackson, LA   70748**

**AMY, Judge.**

After he was arrested and charged with intimidation of a public official, the plaintiff filed suit against several people involved in his arrest and prosecution, alleging malicious prosecution, false imprisonment, and intentional infliction of emotional distress. The defendants filed various requests with the trial court, including exceptions of prescription, no cause of action, and insufficiency of service of process. After a hearing, the trial court sustained the exceptions and entered judgment dismissing the plaintiff's suit. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Mason Godfrey, was arrested and charged in a separate criminal case with intimidation of a public official, a violation of La.R.S. 14:122, in connection with events that occurred on October 17, 2005. A jury subsequently convicted the plaintiff of that charge. On appeal, a panel of this court reversed and entered judgment on the lesser included offense of threatening a public official, a violation of La.R.S. 14:122.2. *State v. Godfrey*, 08-828 (La.App. 3 Cir. 2/18/09), 4 So.3d 265. However, the supreme court reversed and reinstated the plaintiff's conviction and sentence. *State v. Godfrey*, 09-630 (La. 12/1/09), 25 So.3d 756. On remand, this court vacated the plaintiff's habitual offender adjudication and remanded for resentencing. *State v. Godfrey*, 08-828, 08-1231 (La.App. 3 Cir. 3/3/10), 32 So.3d 1020, *writ denied*, 10-758 (La. 10/29/10), 48 So.3d 1097.

Alleging malicious prosecution, false imprisonment, and intentional infliction of emotional distress, the plaintiff filed this civil suit against Calcasieu Parish District Attorney John DeRosier, Assistant District Attorney Paul Reggie,[1]

---

[1] According to the record, Mr. Reggie passed away during the pendency of this litigation.

and Deputy Eugene Thibodeau[2] of the Calcasieu Parish Sheriff's Office. The gist of the plaintiff's suit is that Mr. Reggie and Deputy Thibodeau, along with various other persons, conspired to ensure that the plaintiff was falsely charged and convicted of intimidation of a public official. Deputy Thibodeau filed exceptions of prescription and insufficiency of service of process. Mr. DeRosier and Mr. Reggie filed exceptions of prescription and no cause of action.

In 2009, a hearing was held on the exceptions. The plaintiff, who was incarcerated at that time, was transported to the courthouse but was not brought to the courtroom. The record indicates that the trial court conducted the hearing in the plaintiff's absence. The trial court entered judgment granting the defendants' exceptions and dismissing the plaintiff's suit. Based on the plaintiff's absence from the courtroom, a panel of this court reversed the trial court's grant of the exceptions and remanded the matter to the trial court. *Godfrey v. Reggie*, 10-914 (La.App. 3 Cir. 2/2/11), 55 So.3d 1015.

On remand, the plaintiff filed a motion to compel certain discovery. Mr. DeRosier and Mr. Reggie subsequently filed a motion to set a hearing date on the exceptions and requesting that the trial court stay discovery until the exceptions were resolved. That request was granted and a hearing date was set. At the hearing on the exceptions, the plaintiff objected to the order staying discovery and filed a motion to recuse Judge Planchard from the case.[3] The trial court denied the motion to recuse as moot, and, finding that additional discovery would not be helpful on the issues presented at the exceptions hearing, declined to revisit that issue. After hearing the evidence and the arguments of the parties, the trial court

---

[2] Deputy Thibodeau's last name is spelled as both "Thibodeaux" and "Thibodeau" in the record. We adopt the spelling used in his appellate brief.

[3] The record indicates that this case was allotted to Judge David Ritchie. However, Judge Planchard was sitting as a pro tempore judge when he signed the motion to set a hearing and stay discovery.

sustained the defendants' exceptions and subsequently entered judgment dismissing the plaintiff's suit. Additionally, citing the plaintiff's repeated interruptions and lack of respect for the court, the trial court found the plaintiff in contempt of court and ordered him to serve three months in the parish jail, consecutive to any sentence he might currently be serving.

The plaintiff now appeals. Although he does not designate any "assignments of error," he presents several arguments, including that the trial court erred in: 1) finding that he did not file his in forma pauperis application until after prescription had run; 2) denying his motion to recuse; 3) failing to grant his motion to compel discovery and in staying discovery; 4) granting the exception of insufficiency of service of process because this is a prisoner suit; 6) granting the exception of no cause of action; and 7) holding him in contempt.[4]

## Discussion

*Motion to Recuse*

The plaintiff first complains that the trial court erred in failing to grant his motion to recuse Judge A.J. Planchard from this case. The plaintiff filed his

---

[4] Although the plaintiff did not designate any assignments of error, as required by Uniform Rules—Courts of Appeal, Rule 2-12.4, he did include several "Statement of Issues Presented for Review," which encompass the arguments discussed herein. We note that the court may consider as abandoned any specification or assignment of error which has not been briefed. Uniform Rules—Courts of Appeal, Rule 2-12.4. However, the plaintiff, who is representing himself, is not a lawyer and:

> as such, not trained, educated, and experienced in the law. We are also cognizant of a citizen's right to have access to the courts of this state including [his] right to have [his] case reviewed by an appellate court. *See* La. Const. arts. 1 § 19 and 22. Accordingly, we prefer to look to substance rather than form, in reviewing cases presented to us by lay persons. Further, we have recently reviewed a case where an appellant's brief did not conform to Rule 2-12.4 by exercising our inherent power and duty under the Louisiana Code of Civil Procedure Article 2164 to render any judgment which is just, legal, and proper upon appeal. *Conner v. Palermo Constr. Co., Inc.*, 00-1399 (La.App. 3 Cir. 2/28/01); 782 So.2d 1132.

*St. Agnes Health/Rehab. Ctr. v. Ledet*, 00-2023, pp. 2-3 (La.App. 3 Cir. 3/21/01), 782 So.2d 1145, 1146-47.

3

motion to recuse Judge Planchard at the exceptions hearing. In his motion, the plaintiff contends that the judge was a witness to the incident underlying his conviction for intimidation of a public official. According to the plaintiff's brief, he filed a motion to recuse Judge Planchard from his criminal case. However, the record indicates that that motion was denied.[5]

The record indicates that this case was allotted to Judge David Ritchie. On April 29, 2011, Judge Planchard, sitting pro tempore, signed an order granting Mr. DeRosier and Mr. Reggie's "Motion to Fix Hearing Date for Peremptory Exceptions of Prescription and, Alternatively, No Cause of Action and Motion for Suspension of Discovery." At the hearing, Judge Ritchie stated "Judge Planchard is not assigned this case. He was here for a couple of days taking my place" while Judge Ritchie attended a conference. Judge Ritchie also explained that, even if Judge Planchard were recused, it would not affect the validity of any actions he took before his recusal. Accordingly, Judge Ritchie denied the motion as moot.

Under these circumstances, we find no error in the trial court's denial of the plaintiff's motion to recuse Judge Planchard. La.Code Civ.P. arts. 151; 154.

*Discovery Issues*

The plaintiff further asserts that the trial court erred in failing to rule on his motion to compel discovery and in granting the defendants' motion to stay discovery. Further, the plaintiff asserts that it was error for the trial court to consider the defendants' motion to stay discovery because it was contained within a motion to set hearing. After this court issued its opinion in *Godfrey v. Reggie*, 55 So.3d 1015, the plaintiff filed a "Request for Production of Documents" seeking various items, including the audio transcript of the October 2005 hearing in his

---

[5] In *Godfrey*, 4 So.3d at 270, this court observed that the plaintiff's motion to recuse in the criminal case was heard by another judge, that Judge Planchard "testified that he had no recollection of the events in question," and that the plaintiff's motion to recuse was denied.

criminal case and a copy of Mr. Reggie's autopsy. Approximately six weeks later, the plaintiff filed a "Brief in Support of Motion to Compel Discovery." We observe that the record does not contain an associated Motion to Compel. After the plaintiff filed these documents, Mr. DeRosier and Mr. Reggie's counsel filed a motion to fix a hearing date for the exceptions and to stay discovery. DeRosier and Reggie contended that if the exceptions were sustained, discovery would be rendered moot and that it was necessary to stay discovery in order to avoid waste of time, expense, and effort. As previously discussed, Judge Planchard granted DeRosier and Reggie's motion while acting as pro tempore judge.

At the hearing on the exceptions, the plaintiff objected to the stay of discovery. The trial court gave the plaintiff an opportunity to explain why additional discovery was necessary for the hearing on the exceptions. However, according to the record, the trial court found that the discovery was immaterial to the issues immediately before the court.

A panel of this court discussed the trial court's authority when dealing with discovery issues in *Rozas v. Montero*, 05-484, p. 4 (La.App. 3 Cir. 11/2/05), 916 So.2d 444, 447, stating:

> "Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery." *Trahan v. State ex rel. Dept. Health and Hospitals*, 04-743, p. 2 (La.App. 3 Cir. 11/10/04), 886 So.2d 1245, 1248 (citing *Moak v. Ill. Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401; *Ward v. Tenneco Oil Co.*, 564 So.2d 814 (La.App. 3 Cir. 1990)). "Such discretion will not be disturbed on appeal absent clear showing of abuse." *Trahan*, 886 So.2d at 1248-49.

Louisiana Code of Civil Procedure Article 1426(A) addresses protective orders relating to discovery. It states, in relevant part:

> A. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make

5

any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) That the discovery not be had.

(2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place.

. . . .

(4) That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.

Nonetheless, the Louisiana Supreme Court has found that it was error to stay discovery prior to an exceptions hearing where the discovery requests were relevant to the exceptions at issue. *Bridges v. Hertz Equip. Rental Corp.*, 08-400 (La. 6/20/08), 983 So.2d 1256.

Here, the issues being addressed at the hearing on the exceptions were an exception of prescription, which concerned the timing of the plaintiff's in forma pauperis application; an exception of insufficiency of service of process, which concerned the timing of service of the suit; and an exception of no cause of action, which concerned the defendants' immunity from suit. A review of the record indicates that the plaintiff's discovery requests were irrelevant to these issues. When given an opportunity to explain why his discovery requests were relevant, the plaintiff was unable to do so. Further, we note that the trial court limited the stay of discovery to the period before the exceptions were resolved. Accordingly we find no error in the trial court's grant of the motion staying discovery.

With regard to the plaintiff's contention that the trial court erred in failing to rule on his motion to compel discovery, we first observe that, although plaintiff filed a brief in support of his motion to compel, no motion to compel is contained within the record. *See* La. Code Civ.P. arts. 961, 962. However, even assuming that the plaintiff filed a motion to compel, we decline to rule on this issue as it was

6

rendered moot by the grant of the defendants' motion to stay discovery. *See Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 25 (La. 4/12/05), 907 So.2d 37, 55 (quoting *La. Associated Gen. Contractors, Inc. v. State of La.*, 95-2105, p. 10 (La. 3/8/96), 669 So.2d 1185, 1193) ("An issue is 'moot' where it 'has been deprived of practical significance and made abstract or purely academic.'"). Further, with regard to the plaintiff's contention that the defendants were required to file a separate motion in order to request that discovery be stayed, we observe that the plaintiff has failed to brief this issue. Thus, we treat it as abandoned pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.4.

Accordingly, we find no error in the trial court's rulings with regard to discovery issues.

*Exception of Prescription*

Alleging that he filed an in forma pauperis affidavit concurrently with his petition, the plaintiff also asserts that the trial court erred in sustaining the exception of prescription. In their exceptions, all of the defendants asserted that the plaintiff's suit had prescribed because he failed to pay the required filing fees or file an in forma pauperis application before the date of prescription.

In *Board of Com'rs v. Estate of Smith*, 03-1949, 03-1950, p. 5 (La.App. 4 Cir. 9/2/04), 881 So.2d 811, 815, *writ denied*, 04-2696 (La. 1/7/05), 891 So.2d 689, the fourth circuit discussed the exception of prescription, stating:

> An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial. LSA-C.C.P. arts. 927 and 928(B). LSA-C.C.P. art. 929 provides when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. LSA-C.C.P. art. 931 allows the introduction of evidence at the trial of all peremptory exceptions, except the objection of no cause of action. The trial court is not bound to accept as true the allegations of plaintiff's petition in its trial of the peremptory exception. *Bowers v. Orleans Parish School Bd.*, 95-2530 (La.App. 4 Cir. 5/29/96); 694 So.2d 967, 972. When

evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. *Id. Davis v. Hibernia Nat. Bank*, 1998-1164 (La.App. 4 Cir.1999), 732 So.2d 61, 63.

Ordinarily, the burden of proving prescription is on the moving party. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. "However, if prescription is evident on the face of the pleadings, . . . the burden shifts to the plaintiff to show the action has not prescribed." *Id.* at 830.

The plaintiff's claims for false imprisonment and/or arrest and intentional infliction of emotional distress are subject to a one-year prescriptive period.[6] "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La.Civ.Code art. 3492. *See Matthews v. City of Bossier City*, 42,202 (La.App. 2 Cir. 8/15/07), 963 So.2d 516. Further, "prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Bustamento v. Tucker*, 607 So.2d 532, 537 (La.1992). A cause of action "for false imprisonment, which includes a claim for false arrest, arises on the day upon which the plaintiff is imprisoned and released." *Matthews*, 963 So.2d at 520.

Louisiana Civil Code Article 3462 states, in part, that "[p]rescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." This court has previously found that, where the plaintiff did not submit a filing fee or in forma pauperis application within the one-year prescriptive period, the filing of a petition does not interrupt prescription.

---

[6] The plaintiff's malicious prosecution claim will be addressed separately herein.

*Gant v. Alexander*, 04-27 (La.App. 3 Cir. 5/12/04), 872 So.2d 1280. *But see Trusclair v. Hill*, 05-1908 (La. App 1 Cir. 9/15/06), 943 So.2d 1127.

An indigent litigant may prosecute a civil suit "without paying the costs in advance or as they accrue or furnishing security therefor." La.Code Civ.P. art. 5181(A). However, in seeking this privilege, the litigant must file certain documents with the court, as delineated in La.Code Civ.P. art. 5183. Article 5183(A) states:

> A. A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
>
> (1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means, accompanied by any supporting documentation; and
>
> (2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
>
> (3) A recommendation from the clerk of court's office as to whether or not it feels the litigant is in fact indigent, and thus unable to pay the cost of court in advance, or as they accrue, or to furnish security therefor, if required by local rule of the court.

According to the record, the plaintiff's complaint is filemarked October 12, 2006. The incident which is the basis of this lawsuit occurred on October 17, 2005. At the hearing, the defendants introduced several letters from the Clerk of Court's office, dated November 30, 2006, and February 15, 2007. The November 30, 2006 letter from the Clerk's office states "[w]e are holding PETITION FOR DAMAGES – HOLDING FOR PAUPER INFORMATION OR COSTS." The February 15, 2007 letter from the Clerk's office states that "[w]e are holding PETITION FOR DAMAGES – I HAVE ENCLOSED THE PROPER PAUPER

FACTS FOR YOUR CONVENIENCE." The defendants also introduced an in forma pauperis application filed on April 3, 2007.

Although the plaintiff contends that he filed an in forma pauperis application from the United States District Court—Western District of Louisiana concurrently with his petition, such a filing is not contained in the record. We note that Mr. DeRosier and Mr. Reggie's attorney stated at the hearing that the plaintiff did file such an application with his petition but that he included neither the Fourteenth Judicial District Court form nor an accompanying order. The transcript of the exceptions hearing indicates that the plaintiff showed the trial court these documents, but failed to submit them into evidence. An appellate court cannot review evidence that is not in the record and cannot receive new evidence. *Hover v. Farber*, 05-613 (La.App. 5 Cir. 1/31/06), 922 So.2d 637.

The record provides adequate support for the trial court's conclusion that, while the plaintiff may have submitted his petition to the Clerk of Court prior to the expiration of the one-year prescriptive period, he failed to submit either costs or an in forma pauperis application until April 3, 2007. Accordingly, there is sufficient evidence to support a finding that the plaintiff's filing was not complete for the purposes of interrupting prescription. *Gant*, 872 So.2d 1280. Further, the plaintiff's in forma pauperis application was not submitted until April 3, 2007, more than five months after prescription had occurred.

Thus, we find no error in the trial court's grant of the exception of prescription.

*Exception of Insufficiency of Service of Process*

The plaintiff also complains that the trial court erred in granting Deputy Thibodeau's exception of insufficiency of service of process.

Insufficiency of service of process, "including failure to request service of citation on the defendant within the time prescribed by Article 1201(C)" is a declinatory exception which may be raised pursuant to La.Code Civ.P. art. 925.[7] As referenced by Article 925, La.Code Civ.P. art. 1201(C) addresses the time for requesting service of process, stating, in relevant part, that:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. . . . . The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

*See also* La.R.S. 13:5107. Further, La.Code Civ.P. art. 1672(C) addresses the appropriate remedy when an exception of insufficiency of service of process is sustained. It states:

> C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

At the hearing, Deputy Thibodeau submitted evidence which indicated that, despite several notices from the Clerk of Court's office, the plaintiff did not request service until September 5, 2008, and did not provide service instructions until September 30, 2008. Thus, the record indicates that the plaintiff did not

---

[7] We acknowledge the supreme court's opinion in *Filson v. Windsor Court Hotel*, 04-2893, p. 4 (La. 6/29/05), 907 So.2d 723, 726, which held that "[w]here the objection is based on service outside the 90-day time limit of La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) specifically provides that the manner for objecting is by filing a motion for involuntary dismissal." However, the legislature amended Article 1672(C) the following year, to include the phrase "upon the sustaining of a declinatory exception filed by such defendant," in addition to a contradictory motion by any other party. *See* Acts 2006, No. 750. § 1. Therefore, we find no error in the defendant's use of the declinatory exception raising the objection of insufficient service of process to obtain a dismissal of the plaintiff's petition. *See, e.g., Burge v. State*, 10-51 (La.App. 1 Cir. 6/11/10), 43 So.3d 235, *rev'd on other grounds*, 10-2229 (La. 2/11/11), 54 So.3d 1110.

request service within 90 days of filing the petition. Further, there is no indication that the plaintiff attempted to show good cause why service was not requested. *Boyd v. Picayune*, 11-119 (La.App. 5 Cir. 11/15/11), __ So.3d __; *Bolner v. Daimler Chrysler Corp.*, 01-1285 (La.App. 5 Cir. 5/26/02), 820 So.2d 1252, *writ denied*, 02-2263 (La. 11/15/02), 829 So.2d 430.

The plaintiff also complains that the trial court erred in failing to find that this was a prisoner suit pursuant to the Louisiana Prison Litigation Reform Act (PLRA)[8] and that, once his pauper application was granted, the service requirement was suspended pursuant to La.R.S. 15:1188 until the trial court authorized service. The PLRA defines a "prisoner suit" or a "civil action with respect to prison conditions" as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." La.R.S. 15:1181.

The plaintiff's suit does not, as contemplated by La.R.S. 15:1181, challenge the conditions of his confinement or the effects of actions by government officials on his life. Accordingly, we find no merit to the plaintiff's argument concerning the applicability of the PLRA to his suit. *See Colquitt v. Claiborne Parish, La.*, 36,260 (La.App. 2 Cir. 8/14/02), 823 So.2d 1103 (An inmate's lawsuit contending that the district attorney violated his right to speedy trial was not subject to the PLRA). *Cf. McCoy v. State ex rel. Jones*, 39,323 (La.App. 2 Cir. 2/17/05), 901 So.2d 1109, *writ denied*, 05-960 (La. 2/3/06), 922 So.2d 1161. (An inmate's suit alleging unnamed state tort law claims directly correlated to the conditions of his confinement or effects of actions by government officials on his life as a person confined in prison and was subject to the PLRA).

---

[8] La.R.S. 15:1181—1193.

Therefore, we find no error in the trial court's grant of Deputy Thibodeau's exception of insufficiency of service of process.

*Exception of No Cause of Action*

The plaintiff also contends that the trial court erred in granting Mr. DeRosier's and Mr. Reggie's exception of no cause of action. Mr. DeRosier and Mr. Reggie asserted that they were entitled to absolute prosecutorial immunity for their actions in prosecuting the plaintiff.

The exception of no cause of action "is designed to test the legal sufficiency of the petition to determine whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition." *E. Baton Rouge Parish Sch. Bd. v. Wilson*, 08-536, p. 14 (La.App. 1 Cir. 6/6/08), 992 So.2d 537, 545-46, *writ denied*, 08-1479 (La. 12/12/08), 997 So.2d 560. No evidence may be admitted to support or controvert the allegation that the petition fails to state a cause of action. La.Code Civ.P. art. 931. Thus, for the purposes of resolving an exception of no cause of action, the well-pled facts in the petition must be accepted as true. *Wilson*, 992 So.2d 537. Further, appellate courts review the resolution of an exception of no cause of action de novo. *Id.*

In *Knapper v. Connick*, 96-434, p. 10 (La. 10/15/96), 681 So.2d 944, 950, the supreme court addressed the issue of whether prosecutors are entitled to absolute immunity, concluding:

> We are persuaded that granting absolute immunity to prosecutors from malicious prosecution suits is appropriate when the activities complained of fall within the scope of the prosecutor's role as an advocate for the state and are intimately associated with the conduct of the judicial phase of the criminal process. In certain cases, determining whether the conduct complained of falls within the ambit of absolute immunity protection may not be an easy task.

The plaintiff's allegations concern Mr. DeRosier's and Mr. Reggie's actions in charging and prosecuting the plaintiff with obstruction of justice. There is

sufficient evidence in the record to support a determination by the trial court that these activities were within the scope of the prosecutor's role as an advocate for the State and sustained the exception of no cause of action. Based on our review of the record, we find no error in the trial court's grant of the exception of no cause of action in favor of Mr. DeRosier and Mr. Reggie.

Further, we find that the plaintiff's petition fails to state a cause of action for malicious prosecution. On its own motion, an appellate court may notice the failure of a petition to state a cause of action. La.Code Civ.P. art. 927; *Eubanks v. State, Dept. of Transp. & Dev.*, 620 So.2d 954 (La.App. 3 Cir.), *writs denied*, 629 So.2d 353 (La.1993). One of the requirements of a malicious prosecution charge is the bona fide termination of the criminal proceedings in favor of the plaintiff.[9] In his petition, the plaintiff alleges that, in connection with the incident occurring on October 17, 2005, he was arrested and charged with "simple assault" and "obstruction of justice."[10] Elsewhere in his petition, the plaintiff alleges that the "simple assault" charge was "ultimately rejected" by the prosecution. The plaintiff makes no reference to the disposition of the aforementioned "obstruction of justice" charge, which arose from the same incident. Accordingly, the plaintiff's petition does not allege that there was a termination of the proceedings in his favor. Thus, having failed to plead one of the key elements of a malicious prosecution claim, his petition fails to state a cause of action for malicious prosecution. *See*

---

[9] The elements of a claim of malicious prosecution are "(1) [t]he commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Wiley v. Wiley*, 01-0726, p. 4 (La.App. 3 Cir. 11/7/01), 800 So.2d 1106, 1109, *writ denied*, 01-3232 (La. 2/8/02), 809 So.2d 129.

[10] We observe that the record elsewhere indicates that the plaintiff was charged with and ultimately convicted of intimidation of a public official. However, for the purposes of an exception of no cause of action, we must accept the well-pled facts in the petition as true. *Wilson*, 992 So.2d 537.

*Matthews*, 963 So.2d 516; *Gardner v. Cornett*, 506 So.2d 967 (La.App. 3 Cir.), *writ denied*, 511 So.2d 1155 (La.1987).

The plaintiff's complaints concerning the exception of no cause of action are without merit.

*Contempt*

Finally, the plaintiff complains that the trial court inappropriately found him in contempt of court. A contempt judgment is generally an interlocutory judgment not subject to appeal; however, "some cases have permitted a review on appeal where the appellate court was reviewing other related appealable matters." *Taylor v. Johnson*, 532 So.2d 557, 558 (La.App. 3 Cir. 1988) (quoting *State v. Sampson*, 498 So.2d 1145, 1147 (La.App 3 Cir. 1986)). Thus, we will address the merits of the plaintiff's claim.

The trial court's authority to hold a person in contempt for actions committed in the immediate view and presence of the court is contained within La.Code Civ.P. art. 222, which states, in relevant part:

> A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.
>
> Any of the following acts constitutes a direct contempt of court:
>
> (1) Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
>
> . . . .
>
> (3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court;
>
> (4) Violation of a rule of the court adopted to maintain order and decorum in the court room[.]

15

Louisiana Revised Statutes 13:4611(1)(d), defines the permissible punishment "[f]or any other contempt of court . . . by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both."

Louisiana Code of Civil Procedure Article 223 provides that a person who has committed a direct contempt of court may be found guilty and punished by the court without any trial other than an opportunity to be heard orally by way of defense or mitigation. Because the facts constituting direct contempt are within the knowledge of the trial court, procedural safeguards such as the right to a hearing and the right to counsel do not attach. *Davis v. Harmony House Nursing Home*, 35,080 (La.App. 2 Cir. 10/31/01), 800 So.2d 92, *writ denied*, 01-3162 (La. 2/22/02), 810 So.2d 1143. However, in a criminal contempt, i.e., one which is designed to punish the offender for "contemptuous behavior in the presence of the court[,]" the accused is entitled to certain constitutional safeguards, including "the presumption of innocence, the right to proof of guilt beyond a reasonable doubt, and the right not to be compelled to testify against himself." *In re Milkovich*, 493 So.2d 1186, 1188-89 (La.1986). Accordingly, when an appellate court reviews a criminal contempt conviction, it "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant's acts constituted contumacious, insolent, or disorderly behavior toward the judge or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority." *Id.*

The record indicates that, despite the plaintiff's contentions to the contrary, the trial court gave the plaintiff, who was representing himself, substantial leeway in making his arguments to the court and in making objections. Further, the record

reveals that the trial court warned the plaintiff at least seven times that he should not interrupt when the court was speaking. The plaintiff also made several statements that can be construed as disparaging the integrity of the trial court, the Clerk of Court's office, and the judicial system as a whole. After the plaintiff interrupted the trial court again, the trial court found that the plaintiff was in contempt of court and imposed a sentence of three months in the parish jail, consecutive to any sentence that the plaintiff might already be serving. The record also indicates that the plaintiff contended that he "wasn't arguing" and that he "simply ask[ed the trial court] a question that I didn't understand."

Based on this evidence, we find no error in the trial court's finding that the plaintiff was in contempt of court.

## DECREE

For the foregoing reasons, the judgment of the trial court sustaining the exceptions filed by Calcasieu Parish District Attorney John DeRosier, and Assistant District Attorney Paul Reggie, and Deputy Eugene Thibodeau of the Calcasieu Parish Sheriff's Office is affirmed in all respects. Further, the trial court's order holding the plaintiff, Mason Godfrey, in contempt is affirmed. Costs of this proceeding are assessed to Mason Godfrey.

**AFFIRMED.**